J-A30003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRY LEE LIPINSKI | : | |
| | : | |
| Appellant | : | No. 358 WDA 2017 |

Appeal from the Judgment of Sentence December 3, 2014
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008958-2013

BEFORE:  BOWES, J., STABILE, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JANUARY 22, 2018**

Terry Lee Lipinski appeals from the aggregate judgment of sentence of forty to eighty years imposed following his convictions for twenty-three sexual crimes, including, *inter alia*, rape and involuntary deviate sexual intercourse.  Appellant's sole claim on appeal challenges the legality of his mandatory minimum sentences imposed at six of these counts.  We agree that his sentence is illegal, and we therefore vacate and remand for resentencing.

The Commonwealth sought application of mandatory minimum sentences pursuant to 42 Pa.C.S. § 9781, for three counts of rape, and three counts of involuntary deviate sexual intercourse.  That sentencing statute reads, in pertinent part:

> **(a) Mandatory sentence.--**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> . . . .
>
> 18 Pa.C.S. § 3121(a)(1), (2), (3), (4) and (5) (relating to rape)--not less than ten years.
>
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.
>
> . . . .

42 Pa.C.S. § 9718.   However, § 9718(c) provides that the court "shall determine, by a preponderance of the evidence, if this section is applicable." 42 Pa.C.S. § 9718(c).

The trial court imposed six mandatory sentences pursuant to that statute.  Following sentencing, our Supreme Court decided ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016), and affirmed our *sua sponte* determination that 42 Pa.C.S. § 9718(a)(1) was facially unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013) (any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, and found beyond a reasonable doubt by a jury).[1]   Therein,

---

[1] Appellant's direct appeal rights were reinstated following a timely PCRA petition.

Matthew Wolfe was convicted of, *inter alia*, two counts of involuntary deviate sexual intercourse. As an element of that crime, the Commonwealth was required to prove that the victim was under sixteen years of age. *Id*. at 653. Wolfe was then sentenced to the mandatory sentence set forth at § 9718(a)(1), which stated, "A person convicted of [involuntary deviate sexual intercourse] when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment[.]" Therefore, no "additional" fact needed to be determined by the trial court for imposition of the mandatory sentence, since the jury had necessarily determined that the victim was under sixteen in rendering a verdict of guilty at the underlying offense.

**Wolfe** nevertheless concluded that the statute was unconstitutional, since the trial court was required to make a factual determination notwithstanding the jury's verdict. "[T]he sentencing court was bound to make its own determination at sentencing, *see* 42 Pa.C.S. § 9718(c), but it could not do so in a manner consistent with the Sixth Amendment to the United States Constitution, on account of **Alleyne**." Furthermore, **Wolfe** held that the statute was "unconstitutional on its own non-severable terms" and therefore rejected the notion that the error was harmless in light of the jury's verdict.

The trial court, while recognizing **Wolfe**, maintains that Appellant's claim is meritless as his circumstances are distinguishable. The trial court, citing a case from this Court that predates **Wolfe**, stated that "the factor

- 3 -

which gave rise to the mandatory minimum sentence was an element of the offense" and therefore the jury had already made the requisite finding beyond a reasonable doubt. However, the same was true in **Wolfe**, and as a result Appellant is serving an illegal sentence. Since vacating these sentences would upset the sentencing scheme, we remand for resentencing without application of the mandatory minimums.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/22/2018</u>